UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBONY MALCOM,

    Plaintiff,

v.

JUDGE SHANNON WALKER, CATHY
MARIE GARRETT, Wayne County Clerk,
and Attorney RICHARD M. LYNCH,

    Defendants.
_____/

Case No. 17-11140

HON. AVERN COHN

## ORDER OF DISMISSAL

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Ebony Malcom is proceeding *pro se* and without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). The complaint names Judge Shannon Walker, Wayne County Clerk Cathy Marie Garrett, and Attorney Richard M. Lynch as defendants. For the reasons that follow, the complaint will be dismissed for failure to state a viable claim.

### II. Background

Plaintiff was convicted after a jury trial of conducting a criminal enterprise, larceny in a building, and stealing a financial transaction device. Plaintiff is serving a sentence of 8 to 20 years.[1] From what can be gleaned from the complaint, plaintiff alleges that she has filed various papers in state court and that due to the defendants' failure to respond to her papers, her conviction must be overturned.

---

[1] This information was obtained from the Michigan Department of Corrections' Offender Tracking Information System, of which this Court is permitted to take judicial notice. See Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

III. Legal Standard

Civil rights complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); McGore v. Wigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle her to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996); Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996); Wright v. MetroHealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

IV. Discussion

As noted above, plaintiff says that defendants' failure to respond to her state court papers mandate the reversal of her conviction. In light of these allegations, a judgment in favor of plaintiff in this action would necessarily require a finding that her continued

2

confinement is the result of an invalid conviction. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims are cannot be brought under section 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Instead, a motion under 28 U.S.C. § 2254 provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973). The Court also cannot convert this matter into a 2254 motion; it must dismiss the complaint. See Murphy v. Martin, 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

## V. Conclusion

For the reasons stated above, plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the complaint is DISMISSED under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court also finds that an appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 4, 2017
    Detroit, Michigan